[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10498
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80113-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Aaron Johnson appeals his 180-month sentence after pleading guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Johnson's sentence was the mandatory minimum under § 924(e)(1), which states that a person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense, shall be imprisoned for not less than fifteen years.  18 U.S.C. § 924(e)(1).

Johnson's only argument on appeal is that his sentence "runs afoul of the Fifth and Sixth Amendment[s]," because the indictment did not identify the three prior convictions that supported the application of § 924(e)(1)'s mandatory minimum.  However, as Johnson acknowledges, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998).  In that case, the Supreme Court held that prior convictions "relevant only to the sentencing of an offender found guilty of the charged crime" do not need to be charged in an indictment or proven beyond a reasonable doubt to a jury.  Id. at 228–47, 118 S. Ct. at 1223–33.  Almendarez-Torres "remains good law."  United States v. Weeks, 711 F.3d 1255, 1259 (11th Cir. 2013).

For these reasons, Johnson's sentence is **AFFIRMED.**

2