[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12015
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00059-JES-SPC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DETRICK C. SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Detrick Smith appeals his 180-month sentence for possessing a firearm as a convicted felon, 18 U.S.C. § 922(g).  The sentence was imposed at re-sentencing upon remand from us, with the instruction that the district court sentence him as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

## BACKGROUND

### a.

The Presentence Investigation Report ("PSI") prepared in Smith's first sentencing hearing classified him as a career offender under the ACCA, based on three convictions: (1) a 1992 Florida conviction for the sale and possession of cocaine in September 1991; (2) a 1992 Florida conviction for armed robbery in January 1992; and (3) a 2002 Florida conviction for felony battery.  Smith conceded that the first two convictions occurred on separate occasions and qualified as ACCA offenses, but he asserted that the 2002 felony-battery conviction was not a predicate crime of violence under the statute.  The district court agreed with him and sentenced him without the enhancement.  Smith appealed his conviction on grounds unrelated to the present appeal, and the government cross-appealed his sentence.

2

We affirmed Smith's conviction but vacated his sentence because we concluded that he qualified as a career offender under the ACCA. *United States v. Smith*, 448 Fed.App'x 936 (11th Cir. 2011) (unpublished). We noted Smith's concession that he had two qualifying offenses -- the 1992 convictions -- under the ACCA, and we concluded that his 2002 felony-battery conviction was a "crime of violence," under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). We also rejected Smith's argument that an enhanced sentence would violate the Sixth Amendment; we relied on the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Accordingly, we remanded to the district court for sentencing under the ACCA.

b.

In the present appeal, Smith raises three claims. First, he challenges his enhanced sentence under the ACCA on the ground that the government failed to establish that the 1992 convictions -- which he previously conceded qualified as predicate ACCA offenses -- occurred on "occasions different from one another," as required by the statute. Second, he argues that the ACCA's residual clause is unconstitutionally vague. Third, he claims that his enhanced sentence violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct.

3

2348, 147 L.Ed.2d 435 (2000) and its progeny; he says his prior convictions were facts that needed to be alleged in his indictment or found by a jury.

### I.

Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are generally binding at all later stages in the same case in the trial court or on a subsequent appeal. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). "While the doctrine encompasses only those issues previously determined, the law is clear that it comprehends things *decided by necessary implication* as well as those decided explicitly." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (alteration omitted). The doctrine serves to bring an end to litigation, protect against the agitation of settled issues, and assure that lower courts obey appellate orders. *Id.* A court is not bound under the law-of-the-case doctrine when (1) the evidence at a later trial was substantially different; (2) controlling authority has since made a contrary decision of the law applicable to the previously-decided issues; or (3) the decision was <u>clearly</u> erroneous <u>and</u> would cause a manifest injustice. *Escobar-Urrego*, 110 F.3d at 1561.

4

The mandate rule, a specific application of the law-of-the-case doctrine, provides that when an appellate court issues a mandate to a trial court, the trial court "must enter an order in strict compliance with the mandate." *Transamerica Leasing*, 430 F.3d at 1331. "The district court must implement both the letter and spirit of the mandate, taking into consideration our opinion and the circumstances it embraces." *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001).

We deem issues and contentions not timely raised abandoned and will not consider them. *United States v. Nealy,* 232 F.3d 825, 830 (11th Cir. 2000). Abandonment principles can extend to later appeals in the same case. *See Mesa*, 247 F.3d at 1170–71 & n.6 (on defendant's second sentencing appeal, defendant had abandoned a claim that he should have received a § 3E1.1(b)(2) reduction for cooperation because he could have raised the claim during his first appeal, but failed to so); *United States v. Fiallo-Jacome,* 874 F.2d 1479, 1481–83 (11th Cir. 1989) (concluding that defendant who failed to raise an issue based on facts known to him during his first appeal waived the issue on a second appeal, noting that to allow him to raise the issue on a second appeal would improperly provide "two bites at the appellate apple") (distinguishing *United States v. Williams,* 679 F.2d 504, 507 (5th Cir. 1982) (allowing defendant to raise a new claim during a second appeal where, due to procedural posture of the first appeal, the second appeal was "the first time [the defendant] could appear before us in the role of appellant")).

Moreover, when a party induces or invites a district court into making an error, we will not review that error on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). Thus, when a party in district court expressly concedes the existence of a legal predicate, then disputes the predicate on appeal, we will not review that challenge. *See id.* (discussing examples of invited error). The doctrine also applies when a party raises and then knowingly withdraws an objection to his sentence. *United States v. Masters,* 118 F.3d 1524, 1526 (11th Cir. 1997).

We generally review *de novo* a claim that crimes were committed on different occasions within the meaning of the ACCA. *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir.), *cert. denied*, 134 S.Ct. 311 (2013). Nevertheless, if a party fails to raise specific objections or fails clearly to make an argument before the district court, despite being given ample opportunity to do so, this Court will only review for plain error. *Id.*

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g), like Smith, is subject to § 924(e)(1)'s mandatory minimum sentence of fifteen years if the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*. . . ." 18 U.S.C. § 924(e)(1) (emphasis added).

6

To satisfy the ACCA's different-occasions requirement, a defendant must have at least three prior convictions for crimes "that are temporally distinct." *Weeks*, 711 F.3d at 1261. Where the predicate crimes are successive instead of simultaneous, they constitute separate criminal occurrences under the ACCA. *Id.* "Distinctions in time and place are usually sufficient to separate criminal episodes from one another[,] even when the gaps are small, and two offenses are considered distinct if some temporal break occurs between them." *Id.* (quotations and alterations omitted).

Facts contained in a PSI that are not objected to "with specificity and clarity" may be considered as admissions for sentencing purposes. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009).

Here, Smith's claim fails. First, the law-of-the-case doctrine binds us to our earlier ruling that Smith qualified as a career offender under the ACCA. Smith cannot re-litigate the issue now because none of the exceptions to the doctrine apply. Our ruling has not been rendered invalid by any new, controlling authority, nor have previously unknown facts come to light. Besides, Smith will not suffer a manifest injustice from our earlier ruling, given that he repeatedly conceded that his 1992 convictions were separate, predicate ACCA offenses: the ground on which he now challenges his sentence. Not only did he thus invite the error he now alleges, but he also abandoned the claim by failing to raising it at all during

7

his first appeal.  Accordingly, Smith's claim fails under multiple preclusive doctrines.  *See Mesa*, 247 F.3d at 1170–71 & n.6; *Brannan*, 562 F.3d at 1306.

Second, Smith's claim fails on the merits.  We note that at the resentencing hearing, Smith never once mentioned, let alone sufficiently challenged, the 1992 convictions or their temporally separate nature.  Accordingly, we will review the challenge now for plain error only.  *See Weeks*, 711 F.3d at 1261.

The district court did not plainly err in finding that Smith's 1992 convictions were separate occurrences under the ACCA.  The PSI's factual account of the 1992 convictions, which Smith failed to object to during either sentencing proceeding, establishes the separate nature of those convictions.  Smith committed the cocaine offenses in September 1991, and was arrested for them in October 1991, whereas he committed and was arrested for the armed robbery in January 1992.  The "temporal distinction" between the offenses is, by itself, sufficient to establish their separate nature.  *See id.*

## II.

We review *de novo* constitutional challenges to a statute.  *United States v. Eckhardt*, 466 F.3d 938, 943 (11th Cir. 2006).  Under the ACCA, a defendant is subject to an enhanced sentence if he, among other requirements, has at least three

prior felony convictions for a "violent felony."  18 U.S.C. § 924(e).  The "residual clause" of the ACCA, under which the district court -- per our mandate -- determined that Smith's 2002 felony-battery conviction was a violent crime, provides that a prior conviction qualifies as a "violent felony," if it "is burglary . . . *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir.), *cert. denied*, 134 S.Ct. 304 (2013).

In *Gandy*, we wrote, "the residual clause of the ACCA is not unconstitutionally vague." *Id.* at 1239.   We are bound by a prior decision unless it has been overruled by the Supreme Court or this Court sitting *en banc*.  *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

Smith's vagueness challenge fails on the merits under our decision in *Gandy*.  *See Gandy*, 710 F.3d at 1239.  Because neither the Supreme Court nor this Court sitting *en banc* has overruled *Gandy*, that decision controls in the present case.

III.

We review for plain error a defendant's claim, raised for the first time on appeal, that his Sixth Amendment rights were violated.  *United States v.*

9

*Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). In *Almendarez-Torres*, the Supreme Court concluded that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. *See Almendarez-Torres*, 523 U.S. at 239–47, 118 S.Ct. at 1228–33. The Supreme Court's decisions in *Apprendi* and its progeny have not disturbed the holding of *Almendarez-Torres*. *See United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

Upon review of the record and consideration of the parties' briefs, we affirm.

Smith's Sixth Amendment claim fails for two reasons. First, because we specifically rejected the claim in Smith's first appeal, we are now bound by that ruling under the law-of-the-case doctrine. The claim alternatively fails on the merits because *Almendarez-Torres* remains the binding precedent of this Court until that decision is expressly overruled by the Supreme Court. *See Shelton,* 400 F.3d at 1329. Smith's prior convictions were not facts that needed to be alleged in his indictment or found by a jury.

**AFFIRMED.**