[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10321
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00578-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK L. BURROWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Frederick L. Burrows appeals his conviction and 15-year imprisonment

sentence for possession of a firearm and ammunition by a convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and marijuana possession, in violation of 21 U.S.C. § 844(a).  We affirm.

## I. BACKGROUND

In the early morning of August 4, 2011, Corporal Gary Pruitt and Sergeant Jim Harris of the Tampa Police Department were on foot patrol in a parking lot near a downtown bar.  Corporal Pruitt observed Burrows back into a parking space away from all other cars in a paid parking lot.  Burrows stayed in his car, with the interior light on, and concentrated on something in his lap.  Based on Corporal Pruitt's experience, this behavior was consistent with rolling a marijuana cigarette. After watching Burrows for two to three minutes, Corporal Pruitt and Sergeant Harris approached Burrows's car.  Burrows looked at the officers, quickly turned toward the passenger seat, turned off the light, and drove out of the parking lot at a normal rate of speed.  As Burrows exited the parking lot, Corporal Pruitt's partner relayed Burrows's license plate number to other officers.

Officer Cameron Greene heard the radio description of Burrows's car and located it.  When Burrows committed a traffic infraction by stopping in a crosswalk, Officer Greene and his partner stopped him.  At Officer Greene's request, Burrows showed him a plastic bag that had been partially covered by a t-shirt on the front seat.  There appeared to be four marijuana cigarettes inside the bag.  The officers arrested Burrows, issued him a citation for stopping in a

2

crosswalk, and found additional marijuana in Burrows's pocket. As the officers took him into custody, Burrows stated a gun was hidden underneath a t-shirt on the front seat. After being advised of his rights, Burrows claimed the firearm was not his, but admitted the marijuana belonged to him.

Burrows was indicted on two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Counts 1 and 3), and one count of marijuana possession, in violation of 21 U.S.C. § 844(a) (Count 2). The government thereafter filed a notice of prior convictions, which stated Burrows had been convicted of possession with intent to sell cocaine in 1996 and several counts of selling cocaine in 1998.

Burrows moved to suppress the evidence obtained on August 4, 2011. He argued there was no evidence he had committed a traffic violation when the officers stopped his car, and the circumstances did not otherwise give rise to reasonable suspicion to justify an investigatory stop. The government responded the officers properly stopped Burrows after they saw him stop his car in a crosswalk, in violation of Florida law. In addition, the officers had reasonable suspicion to stop Burrows because of his actions in the parking lot and while he was leaving it.

Following a suppression hearing, the district judge denied Burrows's motion to suppress. The judge determined the officers were entitled to stop Burrows to

3

issue a citation for stopping in a crosswalk.  Based on the totality of the circumstances, the judge alternatively concluded Burrows's activities in the parking lot also caused reasonable suspicion to justify an investigatory stop.  Following a jury trial, Burrows was convicted on all three counts, based on the August 4, 2011, occurrences.

During Burrows's sentencing, the government introduced Florida state-court documents showing (1) in 1996, Burrows pled guilty to possession with intent to sell cocaine, and (2) in 1998, Burrows pled nolo contendere to five counts of selling cocaine.  The felony information for the 1998 case listed a total of 11 counts, 5 of which charged Burrows with selling cocaine on July 15, 22, 28, and 31, and August 11, 1998.  The judgment in that case shows Burrows pled nolo contendere to all 11 counts in November 1998.  Based on these documents, the district judge concluded Burrows had at least three prior felony controlled-substance convictions and imposed a 15-year imprisonment sentence, the statutory minimum under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

On appeal, Burrows challenges the district judge's denial of his suppression motion.  He contends the judge erred when she concluded (1) his actions in a parking lot before his stop and arrest caused reasonable suspicion, and (2) officers alternatively were entitled to stop him when he stopped his car in a crosswalk before making a right turn.  Burrows also argues the district judge improperly

4

sentenced him under the ACCA. He contends the government failed to establish he had at least three prior ACCA-predicate convictions for crimes committed on separate occasions.

## II. DISCUSSION

A. Motion to Suppress

We review a district judge's denial of a motion to suppress under a mixed standard: findings of fact for clear error and application of the law to those facts de novo. *United States v. Gordon*, 231 F.3d 750, 753-54 (11th Cir. 2000). The Fourth Amendment protects individuals from unreasonable searches and seizures by government authorities. *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989). A traffic stop is constitutional if it is either based on probable cause to believe a traffic violation has occurred or justified by reasonable suspicion. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) (per curiam).

When determining whether reasonable suspicion exists, a judge must review the totality of the circumstances to ascertain whether officers had a particularized and objective basis to suspect legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750 (2002). Reasonable suspicion should be examined from the standpoint of the collective knowledge of all officers involved in a stop, *United States v. Glinton*, 154 F.3d 1245, 1257 (11th Cir. 1998), provided the officers maintained at least a minimal level of communication during their

investigation, *United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir. 1985).  Flight from law enforcement is a relevant factor in determining whether reasonable suspicion exists.  *See Gordon*, 231 F.3d at 756-57.

Under Florida law, "[e]xcept when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic control device, no person shall [s]top, stand, or park a vehicle . . . [o]n a crosswalk."  Fla. Stat. § 316.1945(1)(a)(4).  Florida law also authorizes a law enforcement officer to arrest a person who has violated § 316.1945 without a warrant.  *See* Fla. Stat. § 901.15(5).

The plain language of § 316.1945 unambiguously proscribes stopping in a crosswalk, with exceptions not applicable to this case.  Upon seeing Burrows stop in a crosswalk, the officers lawfully could detain him.  *See* Fla. Stat. §§ 316.1945(1)(a)(4), 901.15(5); *Harris*, 526 F.3d at 1337.  The Florida cases cited by Burrows in support of his argument, that pedestrians or other traffic must have been affected by his actions to justify the traffic stop, involved statutes that contained express language referring to other conditions, unlike § 316.1945.  *See State v. Riley*, 638 So. 2d 507 (Fla. 1994) (addressing a statute requiring the use of a turn signal "in the event any other vehicle may be affected by the movement" (citation and internal quotation marks omitted)); *Crooks v. State*, 710 So. 2d 1041 (Fla. Dist. Ct. App. 1998) (addressing a statute prohibiting changing lanes "until

6

the driver has first ascertained that such movement can be made with safety"

(citation and internal quotation marks omitted)).  Section 316.1945 contains neither

of the types of express conditions present in those cases.  Accordingly, the officers

properly stopped Burrows for stopping in a crosswalk.

Reasonable suspicion justifying an investigatory stop also was present based

on the totality of the circumstances surrounding Burrows's previous activities in

the parking lot.  *See Arvizu*, 534 U.S. at 273, 122 S. Ct. at 750; *Gordon*, 231 F.3d

at 754.  Corporal Pruitt saw Burrows, early in the morning in a high-crime area,

park away from all other cars in a paid parking lot, stay in his car, act in a way that

was consistent with rolling a marijuana cigarette, and deliberately depart upon

seeing the officers.  These facts caused an objective, particularized basis to suspect

Burrows possessed marijuana.  *See Arvizu*, 534 U.S. at 273, 122 S. Ct. at 750;

*Gordon*, 231 F.3d at 756-57.

In reaching the conclusion that reasonable suspicion supported an

investigatory stop, the district judge did not err in assessing the collective

knowledge of all officers at the time when Officer Greene apprehended Burrows

for stopping in a crosswalk.  *See Glinton*, 154 F.3d 1245, 1257; *Willis*, 759 F.2d at

1494; *see also United States v. Kapperman*, 764 F.2d 786, 790-91 & n.5 (11th Cir.

1985) (explaining, regardless of whether the arresting officer knew all facts known

to other officers, the officers' collective knowledge created probable cause to

arrest, and the arresting officer was entitled to act on the strength of a radio communication from officers involved in the investigation).  Burrows has failed to show the district judge erred by denying his motion to suppress.

B. Armed Career Criminal Act

We review de novo whether prior crimes were committed on different occasions for purposes of the ACCA.  *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir.) (per curiam), *cert. denied*, 134 S. Ct. 311 (2013).  Specific objections or arguments not raised before the district judge are reviewed for plain error.  *Id.* Under the ACCA, a defendant convicted under § 922(g) is subject to a mandatory-minimum sentence of 15 years of imprisonment, if he has three prior convictions for serious drug crimes committed on different occasions.  *Id.* at 1259; *see also* 18 U.S.C. § 924(e)(1).  An ACCA sentencing enhancement must be established by a preponderance of the evidence.  *See Weeks*, 711 F.3d at 1261.  The government bears the burden of proving an ACCA sentencing enhancement is warranted. *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009).

To satisfy the ACCA's different-occasions requirement, a defendant must have at least three prior convictions for temporally distinct crimes.  *Weeks*, 711 F.3d at 1261.  When the predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes under the ACCA.  *Id.*  Two crimes are

considered distinct if some temporal break occurs between them, even when the time gap is small. *Id.*

In determining the character of prior convictions under the ACCA, a district judge generally is limited to examining the statutory elements, charging documents, plea agreements, colloquies, and any explicit factual findings by the trial judge to which the defendant assented. *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005); *Weeks*, 711 F.3d at 1258-59, 1261. A nolo contendere plea, followed by an adjudication of guilt, is a conviction under Florida law that qualifies as an ACCA-predicate conviction. *United States v. Drayton*, 113 F.3d 1191, 1193 (11th Cir. 1997) (per curiam). Burrows did not argue his nolo contendere pleas in the 1998 case rendered the information in that case insufficient for the judge to determine the charged offenses were committed on different occasions. Consequently, this argument is subject to plain-error review. *See Weeks*, 711 F.3d at 1261.

In *Weeks*, we concluded the defendant's nolo contendere pleas in a Florida court to charges in an information alleging he had burglarized two separate structures on the same date were sufficient to establish distinct ACCA-predicate offenses. *See id.* at 1258, 1261. In the context of an ACCA different-occasions inquiry, there is no material difference between an allegation in a charging document that crimes were committed in separate structures and an allegation that

crimes were committed on different dates.  Burrows's argument that his nolo contendere pleas did not admit guilt ignores the fact that, following his nolo contendere pleas, the state judge adjudicated him guilty of the crimes charged in the information.  *See Drayton*, 113 F.3d at 1193 (holding a nolo contendere plea, followed by an adjudication of guilt, qualifies as an ACCA-predicate conviction). Burrows's nolo contendere pleas to charges in an information alleging he sold cocaine on five different dates, combined with his guilty plea in the 1996 case, were sufficient for the district judge to determine he had committed at least three serious drug offenses on different occasions different, by a preponderance of the evidence.[1]

   **AFFIRMED.**

---

[1] As Burrows acknowledges in his brief, his challenge to *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), is contrary to the law of this circuit.  *See United States v. Gandy*, 710 F.3d 1234, 1237 (11th Cir.) (explaining this court is "bound to follow *Almendarez-Torres* unless and until the Supreme Court overrules that decision" (citation and internal quotation marks omitted)), *cert. denied*, 134 S. Ct. 304 (2013).