[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17533
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20286-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN ROBERT TARVER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 18, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Tarver appeals his 180-month sentence, imposed below the applicable advisory guidelines range, after he pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because binding precedent forecloses each of his arguments on appeal, and he has not shown that the district court imposed an unreasonable sentence, we affirm.

# I

We review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the Armed Career Criminal Act. *See United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006).

The ACCA carries a mandatory minimum sentence of 15 years' imprisonment for a § 922(g) offense when a defendant has been previously convicted of a violent felony or a serious drug offense on three separate occasions. *See* 18 U.S.C. § 924(e)(1). In this case, Mr. Tarver had three ACCA-qualifying predicate offenses. Although the district court varied slightly below the advisory guidelines range, it sentenced him to the statutory minimum of 15 years' (or 180 months') imprisonment.[1]

Mr. Tarver does not challenge his aggravated assault conviction, but contends that his two Florida aggravated battery convictions are not violent

---

[1] Based on a total offense level of 31 and a criminal history category of VI, the advisory guidelines range was 188 to 235 months' imprisonment. Mr. Tarver's predicate offenses included an aggravated assault with a deadly weapon and two convictions for aggravated battery.

felonies under the ACCA.  He admits, however, that his argument is foreclosed by binding circuit precedent.  *See Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that a Florida aggravated battery committed by the "intentional or knowing causation of great bodily harm . . . [or] . . . the use of a deadly weapon" qualifies as a violent felony under the elements clause of the ACCA).  *See also United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (recognizing that *Turner*'s validity has been called into question in light of more recent Supreme Court cases, but that we do not have the authority to disregard it under the prior panel precedent rule), *cert. pet. filed*, No. 17-5050 (U.S. June 21, 2017).[2]

Mr. Tarver also argues that "the ACCA sentence imposed on him violates his rights under the Fifth and Sixth Amendments," *see* Appellant's Br. at 17, but concedes that his argument is foreclosed by Supreme Court precedent, and raises the issue only to preserve it for further review.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998) (holding that, for sentencing purposes, the government does not need to allege a defendant's prior conviction or prove the fact

---

[2] There is no dispute that Mr. Tarver was charged under Fla. Stat. § 784.045(1)(a) for both of the aggravated battery convictions.  Mr. Tarver's primary argument is that it is unclear whether he was charged under subsection (1)(a)(1) or subsection (1)(a)(2) of that statute for one of the convictions.  The government correctly points out that this distinction is irrelevant because *Turner* determined that both subsections qualify as violent felonies under the elements clause.  *See Turner*, 709 F.3d at 1341.  Mr. Tarver, moreover, has not attempted to show that he may have been charged under Fla. Stat. § 784.045(1)(b) (battery of a pregnant woman).

of a prior conviction where that fact "is not an element of the present crime"). *See also United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (explaining that *Almendarez-Torres* remains good law and "binding until it is overruled by the Supreme Court").

Because we are bound by the decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court, s*ee United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc), and by decisions of the Supreme Court, we affirm Mr. Tarver's classification as an armed career criminal.

## II

We review the reasonableness of sentences under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). We first consider procedural unreasonableness and then determine whether the sentence is substantively reasonable in light of the circumstances. *Id*. at 51.

The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en

4

banc) (internal quotation marks and citation omitted).  In general, a district court "shall impose a sentence sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant . . . the kinds of sentences available [and] . . . the sentencing range established."  §§ 3553(a)(1), (a)(3), (a)(4).  The § 3553(a) factors, however, do not permit a district court to impose a sentence below an applicable statutory mandatory minimum.  *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008).

Here, Mr. Tarver has not attempted to show that the district court committed procedural error or that his sentence is substantively unreasonable in light of the § 3553(a) factors.  Instead, he makes a conclusory statement that because his "sentence is based on an improper ACCA enhancement[,]" it is both procedurally and substantively unreasonable.  *See* Appellant's Br. at 19.  In any event, the district court considered the nature and circumstances of the offense, the testimony about Mr. Tarver's characteristics, and varied below the applicable advisory guidelines range.  Given that Mr. Tarver had three ACCA-qualifying offenses, the district court was not permitted to vary below the mandatory minimum of 180 months' imprisonment.  *See Castaing-Sosa*, 530 F.3d at 1362.

**AFFIRMED.**