[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13389
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00428-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2018)

Before JORDAN, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Gregory Brown appeals his conviction and 180-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Reversible error has been shown; we affirm Brown's conviction, vacate Brown's sentence and remand for resentencing.

I.

Brown was indicted by a federal grand jury on one count of possessing a firearm as a convicted felon.  The indictment alleged that Brown had four prior felony convictions in Florida: three convictions for delivery of cocaine within 1000 feet of a school and one conviction for possession of cocaine.  Brown pleaded guilty without a plea agreement.  At the plea hearing, Brown admitted that he had at least one prior felony conviction, but Brown reserved the right to contest the felony offenses listed in the indictment.

The probation office said in the Presentence Investigation Report ("PSI") that Brown was subject to an enhanced mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") because Brown had at least three prior convictions for serious drug offenses.  The PSI listed Brown's three convictions for

delivery of cocaine within 1000 feet of a school.[1]  Then, in the narrative description of these convictions, the PSI alleged the date on which each offense was committed: 22 November 2006, 15 December 2013, and 7 January 2014.

Brown objected to the application of the ACCA enhancement and to the PSI's factual summaries of his prior felony drug offenses.  Brown argued that the government bore the burden of proving -- by a preponderance of the evidence and by using "reliable and specific evidence" -- that his prior convictions were committed on different occasions.  Brown also objected to the government's reliance on factual allegations from non-Shepard-approved[2] documents.

In response to Brown's objections, the probation officer explained that the factual narratives for Brown's prior convictions -- which were derived from arrest reports -- were "included only in an effort to provide the Court with an adequate description of the defendant's criminal history."  The probation officer noted that the factual narratives were not used to determine whether Brown's prior convictions were predicate offenses under the ACCA.  The probation officer acknowledged that "[a]ccording to Shepard, the narrative information contained in an arrest report may not be used to look beyond the plain language of a statute of

---

[1] The PSI also listed a conviction for possession with intent to sell cocaine.  At sentencing, the district court struck that paragraph from the PSI.

[2] Shepard v. United States, 544 U.S. 13, 26 (2005).

conviction in determining whether or not a prior conviction supports an ACCA enhancement."

At sentencing, Brown renewed his objections to the ACCA enhancement and to the factual summaries of his prior felony convictions contained in the PSI. Brown argued that the government had failed to prove that his prior drug convictions were committed on separate occasions.

The government responded that the factual summaries in the PSI -- derived from non-Shepard-approved documents -- were permissible for purposes of establishing the defendant's criminal history and characteristics "provided they are not going toward proving the [ACCA] enhancement." The government then argued that it could prove Brown's prior felony convictions were committed on different occasions through the use of Shepard-approved documents. The government said that "[i]n this case, the three [i]nformations do show that each of these crimes were committed on different occasions and, thus, the enhancement applies." The government, however, never introduced charging informations or other Shepard-approved documents into evidence.

The district court overruled Brown's objections to the factual narratives in the PSI, adopting "the position of the probation office as stated in the addendum [to the PSI]." The district court then applied the ACCA enhancement and sentenced Brown to 180 months' imprisonment.

4

II.

We first address Brown's challenge to the constitutionality of his conviction. Brown contends that 18 U.S.C. § 922(g) is an unconstitutional exercise of Congressional authority -- violating the Commerce Clause -- both on its face and as applied to him.  Because Brown raises this argument for the first time on appeal, we review it only for plain error.  See United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).

Brown's facial challenge to section 922(g) is foreclosed by binding precedent in United States v. McAllister, 77 F.3d 387, 389 (11th Cir. 1996) (concluding that 18 U.S.C. § 922(g) was no unconstitutional exercise of Congress's Commerce Clause power).  We also reject Brown's as-applied challenge because Brown admitted during his plea colloquy that the firearm he possessed had travelled in interstate or foreign commerce.  See id. at 390 ("Because the government demonstrated that the firearm possessed by McAllister previously had travelled in interstate commerce, the statute is not unconstitutional as applied to him.").  We thus affirm Brown's conviction.

III.

Brown next challenges his ACCA-enhanced sentence.  Brown contends that the government failed to prove that his prior felony offenses were committed on different occasions.  We review de novo whether crimes were committed on different occasions within the meaning of the ACCA.  United States v. Canty, 570 F.3d 1251, 1254-55 (11th Cir. 2009).

A defendant convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory minimum sentence under the ACCA if he has three prior convictions for a violent felony or a serious drug offense that were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  "[T]he Government must prove by a preponderance of the evidence, using 'reliable and specific evidence,' that the defendant's prior convictions each 'arose out of a separate and distinct criminal episode.'"  United States v. McCloud, 818 F.3d 591, 595 (11th Cir. 2016) (citations omitted).

"[D]istrict courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to Shepard-approved documents."  United States v. Weeks, 711 F.3d 1255, 1259 (11th Cir. 2013).  Under Shepard, a sentencing court determining the nature of a prior conviction "is

generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 544 U.S. at 16. A district court may not rely on non-Shepard-approved documents -- including police reports -- in determining whether a defendant's prior convictions were committed on different occasions. United States v. Sneed, 600 F.3d 1326, 1333 (11th Cir. 2010). "The district court may make findings of fact based on undisputed statements in the PSI, but may not rely on those portions to which the defendant objected with specificity and clarity, unless the Government establishes the disputed facts by a preponderance of the evidence." McCloud, 818 F.3d at 595 (quotations omitted).

After a review of the record, we conclude that the government failed to produce "reliable and specific evidence" that proved by a preponderance of the evidence that Brown had three separate and distinct prior felony convictions for serious drug offenses.

Brown raised specific objections to the paragraphs of the PSI that contained the factual summaries of his prior felony drug convictions, including objecting that the information was derived from non-Shepard-approved documents. In response to Brown's objections, both the probation officer and the government agreed that the factual narratives in the PSI could not be used to prove that Brown's prior

convictions qualified as predicate offenses under the ACCA.  On this record, the government may not rely on the disputed factual summaries in the PSI to demonstrate that Brown's prior felony drug offenses were committed on different occasions.

More important, the government never produced a <u>Shepard</u>-approved document evidencing the dates on which Brown's prior offenses were committed. In the light of the objections made by the defense, the government could not satisfy its burden of proof merely by offering some words at the sentencing hearing about the supposed contents of the charging informations for Brown's prior convictions.[3] <u>See United States v. Washington</u>, 714 F.3d 1358, 1361 (11th Cir. 2013) (vacating a sentence where the government introduced no evidence to support the sentencing enhancement: "absent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on."); <u>United States v. Bernadine</u>, 73 F.3d 1078, 1082 (11th Cir. 1996) (the government's proffer that it could produce witnesses whose testimony would corroborate factual allegations in the PSI was insufficient to support a sentencing enhancement).

---

[3] We also note that the government proffered no specific dates on which Brown's crimes were committed.  The government said only that the charging informations showed that Brown's crimes were committed on different occasions. The government did not introduce these documents into the record.

Because the government failed to satisfy its burden of proving that Brown had three predicate offenses, the district court erred in applying a sentencing enhancement under the ACCA. We have said that "remand for further findings is inappropriate when the issue was before the court and the parties had an opportunity to introduce relevant evidence." Canty, 570 F.3d at 1257. In this case, the government had the opportunity to introduce the pertinent charging documents before the district court and failed to do so. The government has also made no request for a limited remand to allow it the opportunity to produce the charging documents. Accordingly, we vacate Brown's sentence and remand for resentencing without the ACCA enhancement. See id. (vacating a sentence and remanding for resentencing without the ACCA enhancement); Sneed, 600 F.3d at 1333, n.11 (vacating and remanding for resentencing without the ACCA enhancement where the government had sought no remand for an opportunity to introduce the requisite Shepard-approved documents).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.[4]

---

[4] Because we vacate Brown's ACCA-enhanced sentence, we need not address his argument that his ACCA sentence violates the Fifth and Sixth Amendments. In any event, Brown's argument is foreclosed by this Court's binding precedent. See United States v. Deshazior, 882 F.3d 1352, 1358 (11th Cir. 2018); United States v. Sparks, 806 F.3d 1323, 1350 (11th Cir. 2015); Weeks, 711 F.3d at 1259. This Court's binding precedent also forecloses Brown's argument that his drug convictions under Fla. Stat. § 893.13 are no "serious drug offenses" under the ACCA. See United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014).