[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14795
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00005-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENESIS JAVON WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Genesis Javon White appeals his 195-month total sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The district court determined White was subject to an increased 15-year mandatory-minimum sentence under the Armed Career Criminal Act (ACCA) because he had three prior convictions for "serious drug offense[s]."[1]  18 U.S.C. § 924(e)(1).

On appeal, White makes several arguments challenging his ACCA-enhanced sentence, all of which are foreclosed by binding precedent either from the Supreme Court or this Court.  Specifically, White argues that the court erred in relying on his prior three convictions for sale or delivery of cocaine in violation of Fla. Stat. § 893.13(1) as serious drug offenses because: (1) those offenses do not require an element of *mens rea* for conviction and therefore cannot categorically qualify as offenses "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance"; and (2) the district court improperly found at sentencing that the conduct underlying the convictions occurred on different occasions.  After review,[2] we affirm.

---

[1] White's ACCA sentence was also predicated on a prior Florida conviction for aggravated assault.  On appeal, White challenges only the use of his prior drug convictions.

[2] We review whether a conviction qualifies as a serious drug offense under the ACCA *de novo*.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).   We review *de novo* whether crimes were committed on occasions different from one another within the meaning of

White first argues his Florida convictions for sale or delivery of cocaine do not qualify as "serious drug offense[s]" under the ACCA. According to White, in determining whether a particular offense qualifies as a serious drug offense, we should first identify the elements of the "generic" federal offense, then ask whether the elements of the state offense match those of the generic crime. He argues that because his Florida convictions for sale or delivery of cocaine did not include a *mens rea* element—knowledge of the illicit nature of the substance being trafficked—those offenses do not match the generic federal offenses referenced in § 924(e)(2)(A)(ii).

But as White acknowledges, our Court rejected that very argument in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), and specifically held a prior conviction under Fla. Stat. § 893.13(1) is a "serious drug offense." 775 F.3d at 1267–68. Moreover, the Supreme Court recently agreed, holding § 924(e)(2)(A)(ii)'s "serious drug offense" definition does not call for a comparison to a generic offense. *Shular v. United States*, 140 S. Ct. 779, 782 (2020). Instead, it "requires only that the state offense involve the conduct specified" in the statute. *Id.* In other words, it must involve "manufacturing,

---

the ACCA. *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013). A prior panel's holding is binding precedent on all subsequent panels unless or until it is overruled while we are sitting *en banc*, or until the precedent is overruled by the Supreme Court. *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).

3

distributing, or possessing with intent to manufacture or distribute, a controlled substance."   White's convictions for selling or delivering cocaine clearly qualify.

Next, White argues the district court erred by making factual findings regarding his prior convictions at his sentencing hearing.  He claims the district court violated his rights under the Fifth and Sixth Amendments because each of the ACCA's requirements—and particularly the requirement that each of the identified predicate serious drug offenses occurred on different occasions—was not charged in an indictment, admitted to by him during the plea colloquy, or proven to a jury beyond a reasonable doubt.  In confirming the fact of White's prior Florida drug convictions and that those offenses occurred on occasions different from one another, the district court relied on certified copies of the state-court judgments and charging documents provided by the government.

As White acknowledges, the Supreme Court has repeatedly held the Constitution does not require the fact of a prior conviction be charged in an indictment or proven to a jury beyond a reasonable doubt, even if the existence of such a prior conviction would increase the statutory minimum penalty.  *See Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2015) (recognizing that the fact of a prior conviction is a "narrow exception" to the general rule that a jury must find any fact that will increase the penalty for an offense); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases

4

the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (emphasis added)); *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998).

Moreover, our Court has specifically held that, "[t]he existence of both 'prior convictions and the factual nature of those convictions, *including whether they were committed on different occasions*,' may be determined by district courts 'so long as they limit themselves to *Shepard*-approved documents.'" *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (emphasis added) (quoting *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2015)). The documents the government provided here constituted such documents, and the district court properly relied on them in finding both the existence of the prior convictions and that they occurred on different occasions.[3] *See Shepard v. United States*, 544 U.S. 13, 16, 26 (2005).

Accordingly, all White's challenges to his sentence are foreclosed by binding precedent, and we affirm.

---

[3] To the extent White argues the district court's substantive finding that his three prior serious drug offenses occurred on different occasions was in error, his argument is without merit. The charging documents submitted by the government showed the three instances of sale or delivery of cocaine occurred on June 28, 2010, June 30, 2010, and July 16, 2010, although the first two offenses were alleged in the same charging document. "We have held that so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *Longoria*, 874 F.3d at 1281 (quotation marks omitted); *see also United States v. Sneed*, 600 F.3d 1326, 1329 (2010) (noting § 924(e)(1) "does not require separate indictments").

**AFFIRMED.**