[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10059
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00185-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY DALE WASHINGTON, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

After pleading guilty, Timothy Dale Washington II appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), as well as his 180-month sentence of imprisonment. His sentence exceeded the normal 10-year maximum sentence under the statute, *see id.* § 924(a)(2), because the district court imposed an enhancement under the Armed Career Criminal Act ("ACCA"), *id.* § 924(e)(1). Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if he has three prior convictions for a "violent felony" or "serious drug offense" that are "committed on occasions different from one another." *Id.* § 924(e)(1). On appeal, Washington challenges the ACCA enhancement on several grounds and also argues that § 922(g)(1) exceeds Congress's constitutional authority both on its face and as applied in this case. After careful review, we affirm.

## I. ACCA Enhancement

Washington offers three challenges to his ACCA-enhanced sentence. First, he contends that the district court improperly relied on state-court charging documents to determine that his prior offenses were committed on different occasions for purposes of the ACCA enhancement. Second, and relatedly, he argues that the court's factual finding that his offenses occurred on different occasions violated his rights under the Fifth and Sixth Amendments. Finally, he

2

asserts that the three prior crimes on which his ACCA enhancement was based were not qualifying predicate convictions.

We ordinarily review *de novo* whether a conviction is a "violent felony" or a "serious drug offense" under the ACCA. *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015); *United States v. Robinson*, 853 F.3d 1292, 1294 (11th Cir. 2009). Likewise, we review *de novo* properly preserved constitutional challenges to a sentence, as well as whether crimes were committed on different occasions within the meaning of the ACCA. *United States v. Weeks*, 711 F.3d 1255, 1259, 1261 (11th Cir. 2013).[1]

## A.    *Different-Occasions Inquiry*

Washington's first two arguments relate to the district court's use of *Shepard*-approved documents[2] to determine whether he committed the ACCA-predicate crimes on different occasions. He argues that recent Supreme Court decisions make clear that courts may not rely on "non-elemental" facts, such as the date a crime was committed, in *Shepard*-approved documents. He also asserts that

---

[1] Some of Washington's challenges were raised for the first time on appeal and therefore are subject to review for plain error only. *See Weeks*, 711 F.3d at 1261. We need not delineate which arguments were preserved and which were forfeited, however, because Washington has not shown that he is entitled to relief on any of his claims even under *de novo* review.

[2] In *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005), the Supreme held that, in determining the character of a prior conviction under the ACCA, the sentencing court "is generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." The term "*Shepard*-approved documents," as used in this opinion, refers to this limited category of evidence.

his sentence violates the Fifth and Sixth Amendments because the fact that his prior offenses were committed on different occasions was not charged in the indictment and proven beyond a reasonable doubt.

Here, the district court did not err in relying on *Shepard*-approved documents to determine whether Washington committed the prior crimes on different occasions. We have held that district courts may determine whether predicate offenses were committed on different occasions for purposes of the ACCA "so long as they limit themselves to *Shepard*-approved documents." *Weeks*, 711 F.3d at 1259; *see United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir. 2013). Washington does not assert that the district court went beyond these materials in making its sentencing determinations. And he has abandoned any argument that the offenses were not, as a factual matter, committed on different occasions by failing to raise the issue on appeal. *See United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001) (issues "not timely raised in the briefs are abandoned").

Our prior precedent is likewise clear that a sentencing court does not violate the Fifth and Sixth Amendment by judicially determining that a defendant's prior convictions were committed on different occasions for ACCA purposes. *Weeks*, 711 F.3d at 1259–60. In *Almendarez-Torres v. United States*, 523 U.S. 224, 226–67 (1998), the Supreme Court held that a defendant's prior convictions need not be

alleged in the indictment or proven beyond a reasonable doubt in order for a sentencing court to use those convictions for purposes of enhancing a sentence. *See Weeks*, 711 F.3d at 1259. We have consistently held that *Almendarez-Torres* remains good law, and we have explained that it permits district courts to determine not only the mere fact of a prior conviction but also "the factual nature of those convictions, including whether they were committed on different occasions." *Id.*; *see Overstreet*, 713 F.3d at 635. Accordingly, the district court did not err in using *Shepard*-approved documents to determine that Washington's prior crimes were committed on different occasions.

Washington contends that the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), prohibit a sentencing court's reliance on dates and other non-elemental facts in *Shepard*-approved materials. He asserts that these decisions have abrogated our prior holdings on the different-occasions issue. We disagree.

Under this Court's prior precedent rule, "a prior panel's holding binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). To conclude that we are not bound by a prior holding in light of a Supreme Court case, we must find that the case is "clearly on point" and that it "actually abrogate[s] or directly conflict[s] with, as

opposed to merely weaken[s], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Neither *Descamps* nor *Mathis* is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s]," our holdings in *Weeks* and *Overstreet*. *See id.* *Descamps* dealt with whether a sentencing court may use the modified categorical approach to ascertain whether a conviction is a qualifying offense under the ACCA when the statute under which the defendant was convicted has a single, indivisible set of elements. 133 S. Ct. at 2283–93. *Mathis* dealt with whether a sentencing court may apply the modified categorical approach if a statute of conviction lists alternatives that are "means" of committing the crime, rather than "elements." 136 S. Ct. at 2256–58. Neither case addresses the different-occasions inquiry, which does not concern the elements of the state offenses at issue. Thus, *Descamps* and *Mathis* do not abrogate our prior precedent on the different-occasions issue for purposes of the ACCA.

In sum, the district court did not err by considering *Shepard*-approved documents to determine that Washington's predicate offenses occurred on different occasions for purposes of the ACCA.

## B.    *Predicate Convictions*

Washington also asserts that the ACCA enhancement was improper because the three predicate convictions relied upon by the district court do not qualify as

violent felonies or serious drug offenses.  The three predicate convictions included the following:  (1) delivery of cocaine under Fla. Stat. § 893.13(1)(a); (2) obstructing or opposing an officer with violence under Fla. Stat. § 843.01; and (3) aggravated battery under Fla. Stat. § 784.045.  Though Washington acknowledges that most of his arguments are foreclosed by prior precedent, he seeks to preserve these claims for further review.

First, we have held that a conviction under Fla. Stat. § 893.13(1) qualifies as a "serious drug offense" even though the statute does not require the state to prove that the defendant knew of the illicit nature of the substance.  *See United States v. Smith*, 775 F.3d 1262, 1264-65 (11th Cir. 2014).  *Smith* remains good law.  *See United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017), *petition for cert. filed*, No. 17-5135 (July 13, 2017).

Second, we have held that a conviction for resisting an officer with violence under Fla. Stat. § 843.01 qualifies as a violent felony under the ACCA.  *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015).  To the extent Washington argues that *Hill* is not binding because it conflicts with *Descamps* and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), those decisions predated *Hill*, and "there is no "exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates back to the law in existence at that time." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001).

7

Washington's final predicate conviction was for aggravated battery under Fla. Stat. § 785.045.  "[A] person commits aggravated battery by committing a battery: (1) that intentionally or knowingly causes great bodily harm, permanent disability, or disfigurement; (2) while using a deadly weapon; or (3) upon a victim whom the offender knows to be pregnant."  *Turner v. Warden*, 709 F.3d 1328, 1341–42 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015); *see* Fla. Stat. § 784.045.  Thus, the statute is "divisible" in that it can be committed through alternative elements, so the district court was permitted to use *Shepard*-approved documents to determine under which version of the statutory elements Washington was convicted.  *See Descamps*, 133 S. Ct. at 2283–85.

In *Turner*, we held that a conviction under § 785.045 qualifies as a violent felony under the "elements clause" of the ACCA when the offense involves the first two alternatives—either the intentional or knowing causation of great bodily harm or the use of a deadly weapon in committing a battery.  *Turner*, 709 F.3d at 1341.  Washington does not challenge the district court's implicit finding that the *Shepard*-approved materials established that his offense did not involve battery on a pregnant woman.  So the crime must have involved either the intentional or knowing causation of great bodily harm or the use of a deadly weapon.  "Either way," according to *Turner*, "the crime has as an element the use, attempted use, or

8

threatened use of physical force . . . ."  *Id.* (internal quotation marks omitted). Under *Turner*, therefore, Washington's aggravated-battery conviction qualifies as a violent felony.

Washington argues that *Turner* was wrongly decided, but we have recently affirmed *Turner* as good law to the extent its analysis rests on the "elements clause" of the ACCA, notwithstanding intervening decisions like *Descamps*, *Moncrieffe*, 133 S. Ct. 1678, and *Mathis*, 136 S. Ct. 2243.  *See United States v. Golden*, 854 F.3d 1256, 1256-57 (11th Cir. 2017), *petition for cert. filed*, No. 17-5050 (June 30, 2017) (concluding that *Turner*'s elements-clause-based holding with respect to another Florida offense, aggravated assault, was binding). Accordingly, the district court did not err in determining that Washington's conviction for aggravated battery, like his convictions for delivery of cocaine and resisting with violence, qualified as predicate convictions for purposes of the ACCA.

In sum, because Washington had three prior convictions for a "violent felony" or "serious drug offense" that were "committed on occasions different from one another," the district court properly applied the ACCA enhancement.

## II.  Section 922(g) Conviction

Washington's claim that § 922(g) exceeds Congress's power under the Commerce Clause, both facially and as applied to his conduct, is foreclosed by

9

binding circuit precedent, as he acknowledges.   Section 922(g)(1) makes it unlawful for a convicted felon to "ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).

"We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."   *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).  To meet that jurisdictional requirement, the firearm in question must have a "nexus" to interstate commerce.  *Jordan*, 635 F.3d at 1189.  The required nexus to interstate commerce is met when "the firearm possessed traveled in interstate commerce."  *Scott*, 263 F.3d at 1274.

Washington's § 922(g) conviction is constitutionally valid.   His facial challenge is foreclosed by binding precedent.  And his as-applied challenge fails because the facts to which admitted in pleading guilty establish that the firearm he possessed had "traveled interstate commerce," even if Washington's possession of that firearm was purely intrastate.  *See id.*

Accordingly, we affirm Washington's § 922(g) conviction and sentence.

10

**AFFIRMED.**