[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13060
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00615-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD HOLLIE,
a.k.a. Reginald Bedford,
a.k.a. Ronnie Bedford,
a.k.a. Joseph Bedford,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2020)

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Reginald Hollie appeals his conviction and 235-month sentence, which the district court imposed after a jury found him guilty of being a felon in possession of a firearm.  After careful review, we affirm.

## I.    BACKGROUND

A grand jury indicted Hollie for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  The indictment alleged that Hollie, "having been previously convicted in any court of [crimes] punishable by imprisonment for a term exceeding one year, including" arson, delivery of cocaine and obstructing an officer, two additional instances of delivery of cocaine, and two instances of delivery of cannabis, "did knowingly possess, in and affecting interstate commerce, a firearm . . . [i]n violation of 18 U.S.C. §§ 922(g)(1) and 924(e)."  Doc. 1 at 1-2.[1]

Hollie pled not guilty and the case proceeded to a jury trial.  At trial, the government presented evidence that law enforcement officers encountered Hollie in a parking lot, where he was trying to open car doors.  As the officers approached him, Hollie drew a gun from his waistband and placed it beneath a tire.  The parties stipulated that Hollie previously had been convicted of a felony offense and that his civil rights, including the right to possess a firearm, had not been restored.

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

As relevant to this appeal, the parties jointly proposed jury instructions, including the following instruction regarding § 922(g)(1):

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1)    the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and
>
> (2)    before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

Doc. 28 at 28.  When asked about the instructions during the charge conference, Hollie did not object, nor did he object when the district court read the instruction to the jury.  The jury found Hollie guilty.

In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR").  The PSR assigned Hollie a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  The PSR applied an enhancement under U.S.S.G. § 2K2.1(b)(4)(B) because Hollie possessed a firearm with an obliterated serial number and an enhancement under U.S.S.G. § 4B1.4 because Hollie's prior felony convictions rendered him an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The PSR listed three ACCA predicate offenses, all Florida convictions for delivery of cocaine.  Hollie delivered cocaine on February 13, 2001 and pled guilty on March 20, 2001; delivered cocaine on January 10, 2002 and pled guilty on May 7, 2002; and delivered cocaine on June 5, 2005 and pled guilty on July 19, 2005.  Based on these

3

enhancements, Hollie's total offense level was 33.  Hollie's criminal history, which included the three delivery-of-cocaine convictions as well as four other convictions that resulted in sentences over one year, yielded a criminal history category of VI. This resulted in a guidelines range of 235 to 293 months' imprisonment.  The ACCA enhancement subjected Hollie to a mandatory minimum sentence of 15 years' imprisonment and a maximum sentence of life imprisonment.  *See* 18 U.S.C. §§ 922(g)(1), 924(e).

At sentencing, the district court invited the parties to raise objections, and they offered several minor factual corrections to the PSR that are unrelated to the issues raised in this appeal.  The district court then adopted the PSR's factual statements and guideline calculations.  The court sentenced Hollie to 235 months' imprisonment followed by 3 years of supervised release.  The district court asked whether either party had an objection; both sides stated that they had none.

Hollie appealed, challenging his indictment, the court's jury instructions, and his ACCA-enhanced sentence—for which he argues the government failed to prove he previously committed three felonies on distinct occasions.  While his appeal was pending, this Court granted Hollie a stay of further appellate proceedings pending the Supreme Court's decision in *Rehaif v. United States*,

4

139 S. Ct. 2191 (2019).[2]  The decision in *Rehaif* has issued, the stay has been lifted, and this case is ripe for review.

## II.    STANDARDS OF REVIEW

We generally review *de novo* whether crimes were committed on occasions different from one another within the meaning of ACCA.  *United States v. Canty*, 570 F.3d 1251, 1254-55 (11th Cir. 2009).  However, we review issues raised for the first time on appeal for plain error.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  A non-jurisdictional challenge to the sufficiency of an indictment can be forfeited and thus subject to plain error review.  *United States v. Cotton*, 535 U.S. 625, 631 (2002).  "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Wright*, 607 F.3d at 715 (internal quotation marks omitted).  No plain error can exist when "the explicit language of a statute or rule does not specifically resolve an issue" and "there is no precedent from the Supreme Court or this Court directly resolving it."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).  To prove that an error affected his substantial rights, the defendant must "show a reasonable probability that, but for the error, the outcome of the

---

[2] This Court also stayed appellate proceedings pending the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020).  *See infra* note 3.

proceeding would have been different." *Molina-Martinez v. United States*,

136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

We do not review invited error. *United States v. Love*, 449 F.3d 1154, 1157

(11th Cir. 2006). "The doctrine of invited error is implicated when a party induces

or invites the district court into making an error." *Id*. (internal quotation marks

omitted). We have applied the doctrine of invited error where the party

affirmatively requested or specifically agreed with the challenged action of the

district court. *See, e.g.*, *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir.

2005).

Under the prior panel precedent rule, "a prior panel's holding is binding on

all subsequent panels unless and until it is overruled or undermined to the point of

abrogation by the Supreme Court or by this [C]ourt sitting en banc." *United States*

*v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). To overrule a prior decision, the

Supreme Court or en banc decision must be clearly on point. *Id*.

## III.   DISCUSSION

Hollie challenges his conviction and sentence. We address each in turn.[3]

---

[3] Hollie raises a few other challenges that our precedent forecloses. *See Archer*, 531 F.3d at 1352. He argues that § 922(g)(1) is unconstitutional, both facially and as applied, because it exceeds Congress's authority under the Commerce Clause. He failed to make this argument in the district court, so we review it only for plain error. Hollie cannot show plain error. We have repeatedly upheld § 922(g)(1) as a constitutional exercise of Congress's Commerce Clause power. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (citing cases). And we have held that the statute is constitutional as applied where the government proved a "minimal nexus" to interstate commerce by demonstrating that the firearm traveled in interstate commerce.

A.    **Hollie's Conviction**

Hollie argues for the first time on appeal that his indictment and the jury

instructions improperly omitted an element of the offense—that he knew he was a

convicted felon at the time he possessed the firearm.  The Supreme Court recently

confirmed that a defendant's knowledge of his status prohibiting him under § 922

from possessing a firearm is an element of a § 922 offense.  *Rehaif*, 139 S. Ct. at

2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the

Government must prove both that the defendant knew he possessed a firearm and

that he knew he belonged to the relevant category of persons barred from

possessing a firearm.").  Hollie contends that the indictment failed to state this

---

*Id.* at 715-16.  Here, the parties stipulated that the firearm traveled in interstate commerce.  We therefore reject this challenge.

Hollie also argues that his ACCA enhancement violates the Fifth and Sixth Amendments because his indictment did not allege, and the jury did not find, that his prior convictions qualified as serious drug offenses and were committed on different occasions.  We previously have rejected this same argument.  *See United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018); *United States v. Sparks*, 806 F.3d 1323, 1350 (11th Cir. 2015); *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254, 257-58 (2013).

Finally, Hollie argues that his 2005 conviction for delivery of cocaine does not qualify as an ACCA predicate offense because the statute under which he was convicted, Florida Statutes § 893.101, does not require knowledge of the illicit nature of a substance and ACCA is not intended to cover strict liability offenses.  He suggests that federal drug trafficking statutes, which require such knowledge, are generic analogues and that a state offense must match the generic analogue as to *mens rea* to qualify.  Binding precedent forecloses this challenge.  *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014) (rejecting the argument that ACCA only encompasses convictions that require knowledge of the illicit nature of the controlled substance).  We held this case pending the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020), which had the potential to affect *Smith*'s viability, but as Hollie acknowledges *Shular* did not undermine *Smith*.

7

essential element of the offense, violating his Fifth Amendment right that a grand jury find probable cause to support each element of an offense and Sixth Amendment right that he be informed of the nature and cause of the accusation against him.[4]  Relatedly, Hollie argues that the jury was not properly instructed that he could only be found guilty if he knew at the time of the possession that he was a convicted felon.  We reject both arguments.

As to his indictment, Hollie has established an error that *Rehaif* made plain. "*Rehaif* made clear that the government must prove that a defendant knew of his prohibited status when he possessed a firearm or ammunition."  *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019).  Hollie's indictment did not allege that he knew he was a convicted felon.  He therefore has established plain error. *Id.*  He has not, however, established that the error affected his substantial rights.

In *Reed*, we held that the defendant could not prove the *Rehaif* error affected his substantial rights because he could not show a reasonable probability that the outcome of his trial would have been different had the error not occurred.  *Id.* at 1021-22.  Reed, who had been convicted of eight prior felonies, admitted that he

---

[4] Hollie contends that an indictment's *Rehaif*-based defect is jurisdictional.  He argues that *Rehaif* made clear that a § 922(g) offense must be charged alongside § 924(a)(2), which provides:  "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."  An indictment that does not charge both, Hollie says, does not vest the district court with subject matter jurisdiction.  We recently rejected this argument.  *See United States v. Moore*, 954 F.3d 1322, 1336-37 (11th Cir. 2020).  We are bound by *Moore*.  *See Archer*, 531 F.3d at 1352.

had served 18 years in prison before his arrest; stipulated that he had been convicted of a felony offense and had not had his civil rights restored, including the right to possess and bear arms; and testified at trial that he was not allowed to have a firearm. *Id.* at 1020-22. We concluded that the record established that Reed knew he was a felon, and so he could not prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his proceedings. *Id.* at 1022; *see also United States v. Moore*, 954 F.3d 1322, 1337-38 (11th Cir. 2020) (concluding that the defendants had failed to show a reasonable probability that the *Rehaif* error affected the outcome of their trial, reasoning that they had both "previously served lengthy sentences for felony convictions" and emphasizing that both "stipulated to their prior felonies, presumably to keep the jury from hearing any details of those convictions").

Like in *Reed*, Hollie cannot establish that his substantial rights were affected. "As the reviewing court, we may consult the whole record when considering the effect of any error on [Hollie's] substantial rights." *Reed*, 941 F.3d at 1021 (alterations adopted) (internal quotation marks omitted). As a whole, the record shows that Hollie had been convicted of multiple prior felony offenses, had actually served several sentences of more than 12 months' imprisonment, and had stipulated that he had been convicted of a felony and had not had his civil rights restored. Further, with respect to the instant offense, Hollie had attempted to hide

9

the firearm as the police approached him—evidencing his knowledge that he was prohibited from possessing a firearm. There is ample evidence in the record showing that Hollie knew of his status as a convicted felon when he possessed the firearm in this case. Thus, he has failed to show a reasonable likelihood that the outcome of his trial would have been different but for the error in the indictment and cannot establish that his substantial rights were affected. *See Reed*, 941 F.3d at 1022.

As to Hollie's challenge to the court's failure to instruct the jury on the knowledge of status element, we note that Hollie proposed jury instructions jointly with the government. By specifically requesting these jury instructions, he has invited any error and has waived his right to challenge the district court's failure to use a different instruction. *See United Sates v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010); *United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001).

For these reasons, we affirm Hollie's conviction.

**B.    Hollie's Sentence**

Hollie next challenges his ACCA-enhanced sentence. ACCA subjects a defendant convicted under § 922(g) to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, or both, "committed on occasions different from one another." 18 U.S.C. § 924(e). Section 924(e) requires that the occasions arise out of separate and

distinct criminal episodes that are temporally distinct. *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016). The burden is on the government to prove that the prior convictions "arose out of a separate and distinct criminal episode." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (internal quotation marks omitted).

Hollie argues, for the first time on appeal, that the government failed to meet this burden. He contends that the district court erred in looking to facts in the PSR, including dates of his state-court convictions, to determine that the three delivery of cocaine convictions arose out of separate and distinct criminal episodes. In support, he cites *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Supreme Court held that a district court must look to the elements of an offense to determine whether it qualifies as an ACCA predicate.

Hollie's argument is the sum of two parts. First, he argues that "[n]o district court may rely on non-elemental facts to determine whether a prior conviction is an ACCA predicate." Appellant's Br. at 10. Second, he argues that the only permissible evidence a court may rely on are judicial records of conviction—so-called "*Shepard*" documents[5]—and not facts from a PSR. We have rejected the

---

[5] *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (explaining that, when determining the nature of a prior conviction, a court "is generally limited to examining the statutory definition [of the offense from the prior conviction], charging document, written plea

11

first part of Hollie's argument. *See United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) ("[D]istrict courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved documents."), *abrogated on other grounds by Descamps,* 570 U.S. at 257-58. We reaffirmed this rule from *Weeks* after *Descamps* issued. *See United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (concluding that a defendant's argument "that the [d]istrict [c]ourt should not have looked at 'non-elemental facts,' the dates of his prior convictions, in *Shepard*-approved documents when deciding whether his predicate offenses were committed on different occasions" was "directly foreclosed by" *Weeks*).

Hollie acknowledges *Longoria* but "submits that *Descamps*, and *Mathis*, and [our decision in *United States v.*] *Sneed* control." Appellant's Br. at 14. We disagree. In *Sneed*, we held that a court cannot consider police reports and other evidence outside a judicial record of conviction to determine whether offenses were committed on distinct occasions. 600 F.3d at 1332. This decision is consistent with *Longoria* and *Weeks*. *Longoria* was decided after *Descamps*; thus, *Descamps* could not have abrogated or overruled it. And *Mathis* is not clearly on

---

agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented").

point; thus, it cannot overrule or undermine to the point of abrogation our rule in

*Weeks*, relied upon in *Longoria*.[6]  *Archer*, 531 F.3d at 1352.

The second part of Hollie's argument also fails under a plain error standard

of review.  This Court has consistently held that the district court may rely on

undisputed statements in the PSR to make findings of fact, including when

determining the nature of a prior conviction.  *McCloud*, 818 F.3d at 595; *see*

*United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) ("A sentencing

court's findings of fact may be based on undisputed statements in the [PSR].").

And "the district court ha[s] the authority to apply the ACCA enhancement based

on its own factual findings."  *Weeks*, 711 F.3d at 1260.  These cases suggest—if

they do not confirm—that a district court may rely on undisputed statements in a

PSR to determine whether offenses were committed on distinct occasions such that

they can be separate ACCA predicate offenses.

---

[6] In *Descamps*, the Supreme Court held that in determining whether a particular conviction qualifies as a predicate offense under ACCA, federal courts use two different approaches depending on the statutory scheme.  570 U.S. at 257.  If a statute contains a single, indivisible set of elements, courts must use the categorical approach, which looks only to the elements of the offense to determine the qualification of a prior conviction.  *Id.* at 257-58.  If, however, the statute contains alternative sets of elements, such that it is divisible, courts may use the modified categorical approach.  *Id.* at 257.  That approach allows for a limited inquiry in *Shepard* documents for determining under what set of elements the defendant had been previously convicted.  *Id.* at 257, 263.

In *Mathis* the Court clarified that courts may not use the modified categorical approach where a statute lays out alternative means of committing a single element, rather than alternative elements.  136 S. Ct. at 2253-55.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Hollie's conviction and sentence.

**AFFIRMED.**