[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10038
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00310-CEH-SPF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Williams pleaded guilty to possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), and was sentenced under the Armed Career Criminal Act ("ACCA") to 120 months' imprisonment.  On appeal, he argues that (1) the district court plainly erred in not finding 18 U.S.C. § 922(g) unconstitutional, both facially and as applied, because the statute exceeds Congress's authority under the Commerce Clause; (2) the district court erred in applying the ACCA enhancement because his prior Florida drug convictions did not qualify as "serious drug offenses"; (3) the district court plainly erred by relying on *Shepard*-approved[1] documents to determine whether the predicate offenses occurred on different occasions; and (4) the government's failure to allege the existence of his prior convictions in the indictment and prove them beyond a reasonable doubt violated Williams's Fifth and Sixth Amendment rights.  After review, we affirm.

## I.    Background

In 2018, a grand jury in the Middle District of Florida indicted Williams on one count of possession of a firearm by a convicted felon, in violation of §§ 922(g), 924(e).  Williams pleaded guilty pursuant to a written plea agreement.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

According to his presentence investigation report ("PSI"), Williams qualified as an armed career criminal under the ACCA based on the following prior Florida drug convictions, which qualified as serious drug offenses for purposes of the ACCA: (1) a 1999 conviction for sale/delivery of cocaine, in violation of Fla. Stat. § 893.13(1)(a); (2) a 2004 conviction for sale/delivery of cocaine, in violation of Fla. Stat. § 893.13(1)(a); and (3) a 2008 conviction for possession of cocaine with intent to sell or deliver, in violation of Fla. Stat. § 893.13(1)(a).  Attached to the PSI were official copies of the state charging documents and judgments that had been supplied by the government.  Williams objected, arguing in relevant part that none of his Florida drug convictions qualified as serious drug offenses because the Florida statute lacks a *mens rea* requirement.[2]

Prior to sentencing, the government filed a motion for a downward departure due to Williams's substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1.  The government requested a two-level reduction because Williams had provided truthful and timely information that resulted in the identification and eventual conviction of another defendant.

---

[2] Williams's guideline range was 188 to 235 months' imprisonment, with a statutory minimum term of 15 years' imprisonment and a maximum term of life imprisonment.

3

At the sentencing hearing, the district court overruled Williams's objection

to the ACCA enhancement and concluded that all three of Williams's prior Florida

drug convictions qualified as serious drug offenses under this Circuit's precedent.

The district court granted the U.S.S.G. § 5K1.1 motion for a downward departure

based on substantial assistance and departed five levels (as opposed to the two

levels requested by the government) because Williams and his family had received

numerous threats as a result of his cooperation, and the information he provided

was truthful and resulted in a conviction.  The district court then sentenced

Williams to 120 months' imprisonment to be followed by 5 years' supervised

release.[3]  This appeal followed.

## II.    Discussion

1.  Whether 18 U.S.C. § 922(g)(1) is unconstitutional facially or as
    applied to Williams's case

Williams argues that his conviction should be vacated because § 922(g)(1) is

unconstitutional, facially and as applied, because it exceeds Congress's authority

under the Commerce Clause,[4] U.S. Const. art. I, § 8, cl. 3.  He contends that the

---

[3] Because the government filed a U.S.S.G. § 5K1.1 motion for a downward departure based on substantial assistance, the district court was authorized to depart from the 15-year mandatory minimum term required under the ACCA.  *See United States v. Simpson*, 228 F.3d 1294, 1304 (11th Cir. 2000).

[4] Williams acknowledges that we have rejected repeatedly similar constitutional challenges to § 922(g), but he seeks to preserve these arguments for further review.

Commerce Clause does not permit Congress to criminalize the intrastate possession of a firearm and ammunition simply because the items crossed state lines at some point in the past, citing *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). Further, he asserts that the statute is unconstitutional as applied to his case because the government did not establish any connection between his possession of the firearm and interstate commerce.

We generally review the constitutionality of a statute *de novo* but where, as here, the issue is raised for the first time on appeal, we review only for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). To prevail under plain error review, a defendant "must show that the district court made an error, that the error was plain, and that it affected his substantial rights." *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020). If he makes that showing, we have discretion to reverse the district court "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Section 922(g)(1) makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We have repeatedly rejected the identical Commerce Clause

5

argument challenging the facial constitutionality of § 922(g) that Williams makes here. *See United States v. Johnson*, 981 F.3d 1171, 1192 (11th Cir. 2020) (holding that Eleventh Circuit precedent foreclosed the argument that the felon-in-possession statute was unconstitutional, facially and as applied, under the Commerce Clause); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."); *United States v. Scott*, 263 F.3d 1270, 1271–74 (11th Cir. 2001) (holding that the Supreme Court decisions in *Lopez*, *Jones v. United States*, 529 U.S. 848 (2000), and *Morrison* had not modified or overturned Eleventh Circuit precedent upholding the felon-in-possession statute under Congress's Commerce Clause Power).

Similarly, we have also held that § 922(g)(1) is not unconstitutional as applied to a defendant where there was evidence that the firearm and ammunition were manufactured outside of the state where the offense took place because such evidence is sufficient to satisfy the minimal-nexus requirement. *Wright*, 607 F.3d at 715–16 (holding that § 922(g) was constitutional as applied because the "government established that the firearms involved in Wright's offense were manufactured outside of Florida, the state in which the offense took place," which meant that "the firearms necessarily traveled in interstate commerce and therefore

satisfied the minimal nexus requirement"). The factual basis included in Williams's plea agreement established that both the firearm and the ammunition were manufactured outside of Florida, the state in which the offense took place. Thus, the minimal-nexus requirement was satisfied in this case. *Id.*

Accordingly, Williams's facial and as applied challenges to the constitutionality of § 922(g) are foreclosed by binding precedent. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that under the prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*").

> 2. Whether Williams's prior Florida drug convictions qualify as serious drug offenses for purposes of the ACCA

Williams argues that his post-2002 Florida drug convictions do not qualify as serious drug offenses under the ACCA because Florida Statute § 893.13(1)(a) does not require proof of a *mens rea* element. He acknowledges that this claim is foreclosed our decision in *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), but he seeks to preserve this issue for further review.

We review *de novo* whether a conviction qualifies as a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). The ACCA mandates a minimum 15-year sentence if a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) has three or more

prior convictions for a "violent felony" and/or "a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in relevant part, as: "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

As Williams correctly acknowledges, his claim is foreclosed by binding precedent. *See Smith*, 775 F.3d at 1267–68 (holding that drug crimes without an element of *mens rea* could be serious drug offenses and that a prior conviction under § 893.13 of the Florida Statutes was a serious drug offense for purposes of the ACCA). Following *Smith*, the Supreme Court clarified that the ACCA's definition of a serious drug offense "requires only that the state offense *involve* the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses," and it affirmed the application of an ACCA enhancement based on six prior convictions under Fla. Stat. § 893.13(1)(a). *Shular v. United States*, ___ U.S. __, 140 S. Ct. 779, 782, 787 (2020). In doing so, the Supreme Court also noted that the petitioner "overstate[d] Florida's disregard for *mens rea* . . . under Fla. Stat. § 893.13(1)(a)" because "a defendant unaware of the substance's illicit nature can raise that unawareness as an affirmative defense, in

8

which case the standard jury instructions require a finding of knowledge beyond a reasonable doubt." *Id.* at 787; *see also United States v. Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020) (holding post-*Shular* that the argument that convictions under Fla. Stat. § 893.13(1)(a) do not qualify as serious drug offenses because the state statute lacks a *mens rea* element "is foreclosed by our *Smith* precedent and the Supreme Court's decision in *Shular*"). Consequently, Williams is not entitled to relief on this claim. *Archer*, 531 F.3d at 1352.

   3.   Whether the district court plainly erred in determining that Williams's prior convictions occurred on occasions different from one another

Williams argues that the district court plainly erred by relying on non-elemental facts to determine that his prior drug offenses occurred on different occasions from one another for purposes of the ACCA. He argues that the dates of the offense are not elements of Fla. Stat. § 893.13(1)(a), and, therefore, consistent with *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court could not have relied upon the dates (*i.e.*, non-elemental facts) alleged in the state indictments to determine that the offenses occurred on different occasions.

Because Williams failed to raise this argument in the district court, we review only for plain error. *See Wright*, 607 F.3d at 715. A defendant who has at least three prior qualifying predicate convictions for offenses "committed on occasions different from one another" is subject to the ACCA. 18 U.S.C.

9

§ 924(e)(1).  As explained previously, Williams has three qualifying predicate convictions.  Thus, the only remaining question is whether the district court properly determined that the offenses occurred on different occasions from one another.

To qualify as offenses committed on different occasions from one another under the ACCA, the offenses must be "temporally distinct" and arise from "separate and distinct criminal episode[s]."  *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotation omitted).  The government bears the burden of proving by a preponderance of the evidence that the prior convictions "more likely than not arose out of 'separate and distinct criminal episode[s].'"  *United States v. McCloud*, 818 F.3d 591, 595–96 (11th Cir. 2016) (alteration in original) (quoting *Sneed*, 600 F.3d at 1329).

As long as the district court limits itself to *Shepard*-approved sources, it "may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions," "based on its own factual findings."  *United States v. Weeks*, 711 F.3d 1255, 1259–60 (11th Cir. 2013), *abrogated on other grounds by Descamps*, 570 U.S. 254; *see also United States v. Overstreet*, 713 F.3d 627, 635–36 (11th Cir. 2013) (reiterating that "a district court 'ha[s] the authority to apply the ACCA enhancement based on its own factual findings' that the defendant's offenses were committed on

occasions different from one another" (alteration in original) (quotations omitted));

*Sneed*, 600 F.3d at 1332–33 (holding that, when making the different-occasions

determination, the district court is limited to *Shepard*-approved sources). *Shepard*-

approved documents include the "charging document, the terms of a plea

agreement or transcript of [plea] colloquy between judge and defendant in which

the factual basis for the plea was confirmed by the defendant, or to some

comparable judicial record of this information." *Shepard*, 544 U.S. at 16, 26.

Furthermore, in determining whether a defendant's prior convictions were

committed on different occasions from one another, a district court may rely on

"non-elemental facts" contained in the *Shepard*-approved sources. *See United

States v. Longoria*, 874 F.3d 1278, 1282–83 (11th Cir. 2017).

Here, the district court did not plainly err in determining that Williams's

prior offenses occurred on different occasions from one another because the

*Shepard*-approved state charging documents proffered by the government in the

district court proceeding confirmed that the offenses in question occurred on

different occasions from one another. Specifically, the charging information for

Williams's 1999 case for the sale/delivery of cocaine alleged that the offense

occurred "on or about" May 5, 1999. The charging information in Williams's

2003 case for sale/delivery of cocaine alleged that the offense occurred on

November 6, 2002. And the charging information in Williams's 2007 case for

11

possession of cocaine with intent to sell alleged that the offense occurred "on or about April 3, 2007." Because the *Shepard*-approved sources established that the offenses occurred on different occasions from one another, the district court did not plainly err in imposing the ACCA enhancement. *Longoria*, 874 F.3d at 1282–83; *Archer*, 531 F.3d at 1352.

Williams argues that *Longoria* was wrongly decided and that, under *Descamps* and *Mathis*, the district court may not consider non-elemental facts in conducting the different-occasions inquiry. Williams's reliance on *Descamps* and *Mathis* is misplaced. Both *Descamps* and *Mathis* concerned when a district court may apply the modified categorical approach to ascertain whether a conviction qualifies as an ACCA violent felony predicate—an inquiry not at issue in this case. *Mathis*, 136 S. Ct. 2253; *Descamps*, 570 U.S. at 257–58. Neither case addressed the second inquiry required by the ACCA—whether the qualifying predicate offenses were committed on different occasions from one another. *See generally Mathis*, 136 S. Ct. 2253; *Descamps*, 570 U.S. at 257–58. Therefore, *Descamps* and *Mathis* have no bearing on this case.[5]

---

[5] To the extent that Williams argues that *Descamps* and *Mathis* abrogated our precedent regarding the different-occasions inquiry, his argument is unavailing. In order to conclude that we are not bound by a prior holding in light of a Supreme Court case, we must find that the case is "clearly on point" and that it "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Neither *Descamps* nor *Mathis* is clearly on point as neither case deals with the different-occasions inquiry. *See generally Mathis*, 136 S. Ct. 2253; *Descamps*, 570 U.S. at 257–

4. Whether the government's failure to indict and prove beyond a reasonable doubt that Williams had three prior convictions for a serious drug offense that were committed on different occasions from one another violates the Fifth and Sixth Amendment

Williams argues that the ACCA enhancement violates his Fifth and Sixth Amendment rights because the government did not charge in the indictment and prove beyond a reasonable doubt that he had three prior convictions that qualified as serious drug offenses and that were committed on different occasions from one another. Because Williams failed to make this argument below, we review this claim only for plain error. *Wright*, 607 F.3d at 715.

In *Almendarez–Torres v. United States*, the Supreme Court held that, for sentencing enhancement purposes, a judge, rather than a jury, may determine "the fact of an earlier conviction." 523 U.S. 224, 226–27 (1998). Thereafter, in *Apprendi v. New Jersey*, the Supreme Court held that, under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Nevertheless, as is evident from the language of *Apprendi*'s holding, *Apprendi* did not alter the pre-existing rule from *Almendarez–Torres*. Subsequently, in *Alleyne*

---

58. Accordingly, neither case abrogated our prior precedent on the different-occasions inquiry for purposes of the ACCA. *Kaley*, 579 F.3d at 1255.

13

*v. United States*, the Supreme Court extended *Apprendi* and held that any facts that increase a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. 570 U.S. 99, 116 (2013). But in so holding, the Supreme Court expressly declined to alter the *Almendarez–Torres* rule. *Id.* at 111 n.1 ("Because the parties do not contest [the] vitality [of *Almendarez-Torres*], we do not revisit it for purposes of our decision today."). Thus, *Almendarez–Torres* remains a narrow exception to *Apprendi*'s general rule for the fact of a prior conviction, and "we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *Smith*, 775 F.3d at 1266 (quotation omitted).

Accordingly, we have rejected repeatedly the Fifth and Sixth Amendment challenge advanced by Williams. The law is clear that a defendant's prior convictions do not have to be alleged in the indictment nor proven to the trier of fact beyond a reasonable doubt. *See, e.g.*, *United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018) (rejecting argument that ACCA-enhanced sentence was unconstitutional because the defendant's prior convictions were not alleged in the indictment nor proved beyond a reasonable doubt); *Smith*, 775 F.3d at 1266 ("Neither the Fifth Amendment nor the Sixth Amendment prevents the district court from finding the fact of [the defendant]'s prior convictions, or using them to designate him an Armed Career Criminal. . . . The Constitution does not require

14

that the government allege in its indictment and prove beyond a reasonable doubt that [the defendant] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." (alterations adopted)); *Weeks*, 711 F.3d at 1259 ("[W]e have consistently held that *Almendarez–Torres* remains good law, and . . . [w]e have also expressly rejected the notion that the ACCA's different-occasions determination . . . must be submitted to a jury and proven beyond a reasonable doubt."). Accordingly, Williams's claim is foreclosed by binding precedent and he cannot show plain error. *Smith*, 775 F.3d at 1266; *Archer*, 531 F.3d at 1352.

## III.    Conclusion

For the above reasons, we affirm Williams's conviction and sentence.

**AFFIRMED.**